NO. 07-97-0487-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 25, 2001



______________________________




DANA MARIE CONTRERAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 37,880-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON REMAND FROM COURT OF CRIMINAL APPEALS


 Following a remand from the Court of Criminal Appeals, we now affirm the judgment
of the trial court in this cause. The procedural history underlying this opinion began when
this court reversed the judgment of the trial court on rehearing. Contreras v. State, 998
S.W.2d 656 (Tex.App.-Amarillo 1999). Subsequently, the Court of Criminal Appeals
granted the State's petition for review and, thereafter, reversed and remanded the case
back to this court. Contreras v. State, No. 1682-99 (Tex.Crim.App. 2001). 

 A detailed factual summary was set out in both the cases cited above, so our
discussion will be limited to facts only as they become relevant to our decision. The issue
centers around the fact that appellant was not taken to the police department from the
crime scene until 45 to 50 minutes after the police arrived. The ultimate holding of the
Court of Criminal Appeals is that the 45-minute delay in taking appellant to the police
station cannot be construed as unnecessary. (1) Specifically, the Court of Criminal Appeals
deemed the 45-minute delay as "de minimis" and "necessary." In reaching its decision, that
court reasoned that law enforcement was engaged in "trying to save the victim's life,"
investigating the stabbing, and securing the scene. The Court of Criminal Appeals
believed that six officers, paramedics, Amarillo Medical Services, and the Fire Department
were "necessary" in order to properly carry out the listed tasks. 

 Thus, under these circumstances, "unnecessary delay" is not present, and the
judgment of the trial court is affirmed.


 John T. Boyd

 Chief Justice

Publish. 
1. Determinations of what constitutes "unnecessary delay" fall within the realm of
section 52.02(a)(2) of the Texas Family Code and are determined on a case-by-case basis. 




xception Locked="false" Priority="1" Name="Default Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-09-0239-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

 

_____________________________

 

SAMMY JUAREZ, JR.

 

V. 

 

THE STATE OF TEXAS

 

_______________________________

 

FROM THE 421ST DISTRICT
COURT OF CALDWELL COUNTY;

 

NO. 2008-112;
HONORABLE MARK LUITJEN, JUDGE

 

________________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Sammy Juarez,
Jr. appeals from his conviction of the offense of aggravated sexual assault and the
resulting sentence of twenty-seven years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant's attorney has filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).  Agreeing
with appointed counsel=s conclusion the record fails to show any arguably
meritorious issue that could support the appeal, we
affirm the trial court=s judgment. 

In May 2008, appellant was indicted for the offense of aggravated sexual
assault.  The indictment charged that on
or about November 15, 2003, appellant Aintentionally or
knowingly cause[d] the penetration of the female sexual organ of [victim], a
child younger than 14 years of age who was not the spouse of said defendant by
the defendant=s male sexual organ.[1]   On appellant=s not guilty
plea, the case was tried to a jury in April 2009.

At trial, the State
presented the testimony of a forensic interviewer.  The interviewer testified she talked to the
victim on October 25, 2007, the day after the victim told a school teacher she
had been sexually abused by her mother=s current boyfriend. 
During that interview, the victim made an outcry against appellant,
stating he had put his penis inside her several years before, when she was in
the fourth grade.   

The victim, 14 years
old at the time of trial, testified appellant penetrated her vagina with his
penis, in her home in Lockhart, just after she turned nine years old. She said
she did not tell anyone about the assault because she was scared appellant
would come back.  She finally told her
mother and the forensic interviewer years later when she felt it was safe.  The victims mother testified she dated
appellant for two or three months, their relationship ending in February 2004.

The victims uncle, who
kept her at that time while her mother worked, testified to an occasion when
appellant appeared at the child=s home and told the uncle the victims mother said
the uncle could go home.  The victims
counselor testified, noting it is not uncommon for victims of child abuse to
refrain from telling others about the assault and stated the victim had
difficulty trusting adults and did not view her mother as someone who would
keep her safe.   

Appellant
cross-examined the victim, attempting to show the physical difficulty of her
version of the sexual assault and emphasizing her assertions he held her down
with one hand while simultaneously removing her pants and performing the sexual
assault.  Appellant also presented the
testimony of his grandmother.  She
testified that in the fall of 2003, appellant lived with her in Luling and was there every day he was not working. 








During the punishment
stage, the State presented evidence of appellant=s
prior criminal history.  Appellant
presented two witnesses, both of whom testified he posed no danger to the
community.   

 The jury found appellant guilty as charged in
the indictment, and assessed the sentence we have noted.  Appellant timely filed notice of appeal.








Thereafter, appellant's
appointed appellate counsel filed a motion to withdraw and a brief in support
pursuant to Anders in which he certifies that he has diligently reviewed
the record and, in his professional opinion, under the controlling authorities
and facts of this case, there is no reversible error or legitimate grounds on
which a non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of
the case and appellant=s jury trial. 
Counsel discusses the applicable law and sets forth the reasons he
concludes the record presents no arguably meritorious appellate issues.  Counsel has certified that a copy of the Anders
brief and motion to withdraw have been served on appellant, and that counsel
has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has filed a response raising two issues.

In conformity with the
standards set out by the United States Supreme Court, we will not rule on the
motion to withdraw until we have independently examined the record.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no
pet.).  If this Court determines the
appeal has merit, we will remand it to the trial court for appointment of new
counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

            In compliance with the principles enunciated
in Anders, appellate counsel
discussed several potential areas for appeal. 
They involved (1) the trial courts denial of appellants challenge for
cause against a prospective juror; (2) the
trial court=s admission of the forensic interviewer=s testimony as the designated outcry witness
pursuant to article 38.072 of the Code of Criminal Procedure; (3) the trial
court=s denial of appellant=s
request to introduce details about a prior abuse complaint made by the victim;
(4) the trial courts sustaining of the State=s
objection during appellant=s closing argument regarding lack of medical
evidence to prove sexual assault; (5) the trial courts overruling of appellant=s objection during the State=s closing argument at punishment suggesting
appellant=s likelihood to re-offend; and (6) the legal and
factual sufficiency of the evidence to support appellant=s conviction for aggravated sexual assault.
Appellant also raised two issues in his response.  The first was a complaint he did not receive
a fair trial because the jury was biased. 
The second was a complaint about the sufficiency of the evidence to
support his conviction.

Our review convinces us that appellate counsel conducted a
complete review of the record.  We have
also made an independent examination of the entire record to determine whether
there are any arguable grounds which might support the appeal.  We agree it presents
no arguably meritorious grounds for review.  Accordingly, we grant counsel's motion to
withdraw[2] and affirm the judgment of the trial
court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.











[1]  See Tex. Penal Code Ann. § 22.021
(Vernon 2003).  This is a first degree
felony punishable by imprisonment for life or for any term of not more than 99
years or less than 5 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. §
12.32 (Vernon 2003). 





[2]
Counsel shall, within five days after the opinion is handed down, send his
client a copy of the opinion and judgment, along with notification of the
defendant=s right to file a pro se petition
for discretionary review.  See Tex.
R. App. P. 48.4.