Vernon Boyd CARAWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 57312.

Court of Criminal Appeals of Texas.

Panel No. 2.

Jan. 25, 1978.

Steven G. Condos, Dallas, for appellant.

Henry Wade, Dist. Atty., T. Michael Sutton, Paul Macaluso and Rider Scott, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for aggravated rape. The punishment, enhanced under the provisions of V.T.C.A., Penal Code, Section 12.42(d), was assessed by the court at life imprisonment.

On October 14, 1977, the record on appeal was completed, and notice thereof was given to the parties pursuant to Article 40.09(7), Vernon's Ann. C.C.P. On October 21, 1977, appellant filed his pro se request for a "personal inspection of all the record" in order "to assist his counsel in the preparation of his brief on appeal" and to enable him "to properly present . . . his own supplemental pro se brief." On November 4, 1977, the trial court entered its order approving the record on appeal in this cause. Subsequently, on Monday, December 5, 1977, appellant's court-appointed counsel timely filed his brief in the trial

court. In that brief counsel concluded that the appeal was wholly frivolous and without merit. This brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in that it contains a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced on appeal. *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Also on December 5, 1977, counsel mailed a copy of his brief to the appellant. By letter of the same date, counsel informed appellant that he had a right to file a pro se brief and that he had "the right to request that you be furnished with the use of a copy of the appellate record of your case" in order to aid him in filing such brief.

It does not appear from the record before us that appellant, after having received counsel's letter, again requested that he be allowed to review the record on appeal in order to aid him in filing a pro se brief. On December 22, 1977, the trial court ordered the record on appeal to be forwarded to this Court.

Under the circumstances it would appear that, after the record on appeal had been approved and appellant had read the brief filed by court-appointed counsel, he was satisfied with the brief filed by counsel and did not wish to further pursue his request to review the appellate record or his desire to file a pro se brief.

We are of the opinion and now so hold that, prior to approval of the record by the trial court, any pro se request by a defendant for permission to review his appellate record is premature. Of course, we have held that, in cases such as the instant one where court-appointed counsel has filed a "frivolous appeal" brief, the defendant must be advised that he has a right to file a pro se brief and that he has a right to personally review the appellate record for that purpose. *Hawkins v. State*, 515 S.W.2d 275 (Tex.Cr.App. 1974); *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App. 1975). However, we believe that it is only after court-appointed counsel has filed a "frivolous appeal" brief and has given the defend-

ant advice concerning his pro se appellate rights, that the time arises for the defendant to decide whether or not to file a pro se brief and whether to request a personal review of the appellate record for that purpose. To hold otherwise opens the doors to repetitive requests for personal reviews of appellate records by defendants, resulting in the needless waste of judicial time, not to mention the unnecessary expense of public funds. In the instant case the trial court was not bound to honor appellant's premature request for a review of the appellate record.

We have reviewed the record and counsel's brief and agree with counsel in his conclusion that this appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

The judgment is affirmed.