Mack Edward JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

Sammy Mendez GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Vernon JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

James Curtis SHEPPARD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–94–035–CR, 10–94–085–CR, 10–94–113–CR to 10–94–118–CR and 10–94–137–CR.

Court of Appeals of Texas, Waco.

Oct. 19, 1994.

---

Walter M. Reaves, Jr., Waco, for appellant.

John Segrest, Crim. Dist. Atty., Mark E. Parker, Asst. Dist. Atty., Waco, for appellee in No. 10–94–035–CR.

Carl L. McNeill, Dallas, for appellant in No. 10–94–085–CR.

John C. Vance, Crim. Dist. Atty., Kimberly A. Schaefer, Asst. Dist. Atty., Dallas, for appellee in No. 10–94–085–CR.

Etta J. Mullin, Dallas, for appellant in Nos. 10–94–113–CR to 10–94–118–CR.

John Vance, Crim. Dist. Atty., Pamela Sullivan Berdanier, Richard Reed & Dan Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State Pros. Atty., Austin, for appellee in Nos. 10–94–113–CR to 10–94–118–CR.

Fred Tinsley, Dallas, for appellant in No. 10–94–137–CR.

John C. Vance, Crim. Dist. Atty., Karen R. Wise & Patrick Kirlin, Asst. Dist. Attys., Dallas, for appellee in No. 10–94–137–CR.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## · ORDER

PER CURIAM.

Because this court has been presented with an increasing number of *Anders* briefs recently, we will use these combined causes to outline our understanding of *"Anders'* law," both procedural and substantive, and the duties of the bench and bar of this district when confronted with an apparently frivolous appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The rule that a defendant does not have the constitutional right to assistance of counsel for a petition for discretionary review to the Court of Criminal Appeals has effectively ended that court's experience with "frivolous appeals." *See Ayala v. State,* 633 S.W.2d 526 (Tex.Crim.App.1982). In fact, since the intermediate courts of appeals were given criminal jurisdiction by constitutional amendment in 1981, the Court of Criminal Appeals has dealt substantively with *Anders* in only three published opinions. *Stafford v. State,* 813 S.W.2d 503 (Tex.Crim.App.1991); *Sutherland v. State,* 658 S.W.2d 169 (Tex. Crim.App.1983); *Ayala,* 633 S.W.2d at 526. Similarly, we find only one published opinion from this court relating to an *Anders* issue. *See Graham v. State,* 649 S.W.2d 719 (Tex. App.—Waco 1983, no pet.).

■ In Texas, every individual convicted of a crime has a statutory right to an appeal. TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979 & Supp.1994). For non-death-penalty felonies and certain misdemeanor convictions, that appeal by right is to an intermediate court of appeals. *See id.* art. 4.03 (Ver-

non Supp.1994). The Fourteenth Amendment to the United States Constitution dictates that each of these offenders has a right to the assistance of counsel on appeal. *Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963). Thus, when the defendant is indigent, the state is required to provide counsel to represent him on appeal. *Id.*

■ However, a defendant's right to assistance of counsel does not included the right to have an attorney urge frivolous or unmeritorious claims. *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 351–52, 102 L.Ed.2d 300 (1988). If a retained attorney concludes that an appeal lacks merit, counsel is obligated to inform the client of this conclusion and refuse to prosecute the appeal. *McCoy v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 437, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988); TEX.DISCIPLINARY R.PROF.CONDUCT 3.01 (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X, § 9). Refusing to prosecute an appeal means that the retained attorney will be required to file a motion to withdraw under our rules of appellate procedure. *See* TEX. R.APP.P. 7. However, the decision to withdraw from retained representation does not invoke federal constitutional concerns. The procedural safeguards outlined in the *Anders* cases apply only to an appointed attorney representing an indigent defendant on a first appeal by right. *See Penson,* 488 U.S. at 83–84, 109 S.Ct. at 351–52; *McCoy,* 486 U.S. at 438–39, 108 S.Ct. at 1902; *Anders,* 386 U.S. at 744–45, 87 S.Ct. at 1400.

■ If an attorney appointed to represent an indigent defendant reaches the same conclusion, he is required to inform the appellate court and seek permission to withdraw from the representation. *McCoy,* 486 U.S. at 437, 108 S.Ct. at 1901. This additional duty to inform the court arises because appointed counsel cannot withdraw without our consent. *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(a) (Vernon 1989). However, in seeking permission to withdraw, the attorney may not simply state an opinion that the appeal is frivolous, but must instead continue to support the client's appeal to the best of

his ability. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Thus, even though the attorney has concluded that the appeal does not have merit, he continues to be obligated to his client. This obligation is fulfilled in two ways: first, by exerting all effort to find legally cognizable arguments for the client and, second, by ensuring that the client understands the available options after the attorney withdraws. *See McCoy,* 486 U.S. at 438–39 & n. 12, 108 S.Ct. at 1902 & n. 12.

## I. DUTIES OF THE ATTORNEY

### A. DETERMINING THAT THE APPEAL IS "FRIVOLOUS"

■ Determining that an appeal is "frivolous" is not a conclusion to be reached lightly. As described by the United States Supreme Court, appellate counsel has the duty to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *McCoy,* 486 U.S. at 438, 108 S.Ct. at 1902. "In searching for the strongest arguments available, the attorney must be zealous and must resolve *all* doubts and ambiguous legal questions in favor of his or her client." *Id.* 486 U.S. at 444, 108 S.Ct. at 1905 (emphasis added). If the only theories that the attorney can discover after this conscientious review of the record and the law are "arguments that cannot *conceivably* persuade the court," then the appeal should be considered frivolous. *Id.* 486 U.S. at 436, 108 S.Ct. at 1901 (emphasis added). However, we stress that any point which is "arguable on [the] merits" is, by definition, not frivolous. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

### B. FILING REQUIREMENTS

■ After concluding that the appeal is frivolous, the attorney is under a *duty* to request permission from this court to withdraw from the appeal. *See McCoy,* 486 U.S. at 436–37, 108 S.Ct. at 1901; TEX.DISCIPLINARY R.PROF.CONDUCT 3.01. After our jurisdiction is invoked, a motion in the trial court is neither appropriate nor sufficient to relieve counsel of the duties accepted on becoming a defendant's attorney of record on appeal.

*See Moore v. State,* 466 S.W.2d 289, 291 & n. 1 (Tex.Crim.App.1971); *Fowler v. State,* 874 S.W.2d 112, 114 (Tex.App.—Austin 1994, pet. ref'd). Accordingly, the attorney is required to file a "Motion To Withdraw From Frivolous Appeal" in this court.

The motion to withdraw must be accompanied by two exhibits. The first exhibit should be a brief in support of the motion. *Anders* recognized that the motion and the brief are to be separate documents, and our own appellate rules of procedure contemplate that the two will not be combined. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; TEX. R.APP.P. 19. Thus, the practice of placing the motion to withdraw at the end of the brief is not acceptable or sufficient to fulfill the attorney's duty to this court. The second exhibit accompanying the motion to withdraw should provide us a basis for concluding that the attorney has fulfilled his duty to inform the client.

### 1. BRIEF IN SUPPORT OF THE MOTION TO WITHDRAW

■ The brief in support of the motion to withdraw is a device for assuring that the indigent defendant's constitutional rights have been "scrupulously honored." *McCoy,* 486 U.S. at 444, 108 S.Ct. at 1904. Thus, such briefs should provide us "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability." *See id.* 486 U.S. at 439, 108 S.Ct. at 1902.

■ As applied in Texas, then, the ultimate test of a frivolous-appeal brief is whether it contains a "professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State,* 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978); see also *Stafford,* 813 S.W.2d at 510 n. 3. As observed by the Court of Criminal Appeals:

[T]his court will not accept [*Anders*] briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.

*See High,* 573 S.W.2d at 813; *Graham,* 649 S.W.2d at 720. A proper brief must contain citations to legal authority supporting the attorney's analysis and conclusions. *Anders,* 386 U.S. at 745, 87 S.Ct. at 1400; *Stafford,* 813 S.W.2d at 510 n. 3; *High,* 573 S.W.2d at 811. A similar "discussion rule" imposed by the Wisconsin courts has been upheld by the United States Supreme Court. *McCoy,* 486 U.S. at 440–43, 108 S.Ct. at 1903–04.

■ Counsel should not pray for a reversal in a brief filed in support of a motion to withdraw from a frivolous appeal. *Smith v. State,* 814 S.W.2d 858, 859 (Tex.App.—Amarillo 1991, no pet.); *Cantu v. State,* 781 S.W.2d 953, 953 (Tex.App.—Beaumont 1989, no pet.). Additionally, the frivolous-appeal procedures should only be followed when the appeal is wholly frivolous. *Rice v. State,* 746 S.W.2d 356, 356–57 & n. 1 (Tex.App.—Fort Worth 1988, pet. ref'd); *Waters v. State,* 743 S.W.2d 753, 754–55 (Tex.App.—San Antonio 1987, no pet.).

### 2. DUTY TO INFORM

■ The attorney's view of the merits of an appeal is not determinative of a defendant's right to appeal; that right remains even though the attorney has concluded that there are no arguable points to be advanced. Thus, to render effective assistance of counsel, the attorney carries three distinct "educational" burdens. First, the attorney must provide the client a copy of the brief in support of the motion to withdraw. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Second, he must inform the client that he has the right to file a brief on his own behalf. *McMahon v. State,* 529 S.W.2d 771, 772 (Tex.Crim.App. 1975). Finally, counsel must tell the defendant that he has the right to review the record to determine what points to raise in his pro-se brief. *Id.* The second exhibit attached to the motion to withdraw must satisfy this court that these duties have been fulfilled. *See id.; see also Caraway v. State,* 560 S.W.2d 690, 691 (Tex.Crim.App. [Panel Op.] 1978); *Ex parte Bowen,* 835 S.W.2d 276,

277 (Tex.App.—Beaumont 1992, no pet.); *Pereida v. State*, 694 S.W.2d 371, 372 (Tex. App.—Corpus Christi 1985, no pet.).[1]

 The Court of Criminal Appeals has indicated that the record must show the defendant was given access to the record before the attorney has fully complied with the requirements of *Anders*. *See Heiskell v. State*, 522 S.W.2d 477, 477 (Tex.Crim.App. 1975); *Hawkins v. State*, 515 S.W.2d 275, 276 (Tex.Crim.App.1974); *Brown v. State*, 485 S.W.2d 914, 915 (Tex.Crim.App.1972). However, in each of these cases, the defendant had either not been given a copy of the frivolous-appeal brief or not been advised of his right to file a pro-se brief. *Id.* Later opinions of the Court indicate that counsel's duty is merely to inform the defendant of this right of access to the record. *Caraway*, 560 S.W.2d at 691; *McMahon*, 529 S.W.2d at 772. Additionally, the Court has expressly held that, under *McMahon*, "it is only after court-appointed counsel has filed a 'frivolous appeal' brief and has given the defendant advice concerning his pro se appellate rights, that the time arises for the defendant to decide whether or not to file a pro se brief and whether to request a personal review of the appellate record for that purpose." *Caraway*, 560 S.W.2d at 691. The defendant must decide what course to take *after* counsel has filed a motion to withdraw with the supporting exhibits. Clearly, the burden is to inform the defendant of his rights, not to ensure that he exercises those rights.[2]

## II. DUTIES OF THE COURT

 The filing of a "Motion To Withdraw From Frivolous Appeal" triggers our duties as the reviewing court. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. To satisfy federal constitutional concerns, we face two interrelated tasks as we rule on counsel's motion to withdraw: "First, [we] must satisfy [ourselves] that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Second, [we] must determine whether counsel has correctly concluded that the appeal is frivolous." *See McCoy*, 486 U.S. at 442, 108 S.Ct. at 1904. The first task requires that we examine the attorney's brief for compliance with the rules as we have articulated them today. *See Penson*, 488 U.S. at 81–82, 109 S.Ct. at 350–51. The second task requires, in effect, that this court brief the appeal itself, because we must conduct "a full examination of all the proceedings" to determine if the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

 We cannot act on the motion to withdraw before determining if the appeal is, in fact, frivolous. *See Penson*, 488 U.S. at 82–83, 109 S.Ct. at 351. If we conclude that it is frivolous, we will grant the motion to withdraw, and the attorney is then discharged from further obligation to that client. By granting the motion to withdraw, however, we are not ruling that the defendant does not have a right to an appeal, but merely that he does not have a right to have an attorney represent him on appeal. *See McCoy*, 486 U.S. at 439 n. 13, 108 S.Ct. at 1902 n. 13. Thus, after granting the motion to withdraw, the appeal continues under the usual appellate schedule, absent further action by the defendant.[3]

---

1. Although a variety of methods of demonstrating that the client has been informed of his pro-se rights have been utilized and accepted by the courts, we believe that the best approach is to provide this court a copy of a letter sent to the defendant with the attorney's brief in support of the motion to withdraw in which counsel has outlined the defendant's pro-se rights and the steps necessary to exercise those rights. *See Ex parte Bowen*, 835 S.W.2d 276, 277 (Tex.App.— Beaumont 1992, no pet.); *Pereida v. State*, 694 S.W.2d 371, 372 (Tex.App.—Corpus Christi 1985, no pet.).

2. The case law indicates that an attorney can fulfill this duty by merely informing the client

that he has the right to review the record. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Caraway v. State*, 560 S.W.2d 690, 691 (Tex.Crim.App. [Panel Op.] 1978); *McMahon v. State*, 529 S.W.2d 771, 772 (Tex.Crim.App.1975). However, we suggest that the attorney go further and explain to the client the details of the procedure to be used in the particular court of conviction to gain access to the record.

3. As a matter of policy, this court will allow the defendant thirty days following our action on the motion to withdraw to file a motion for an extension of time to file a pro-se brief, if desired.

If we disagree with the attorney's evaluation of the appeal, we must still grant the motion to withdraw because counsel cannot be required to brief and argue a cause he has determined to be frivolous. *See Stafford,* 813 S.W.2d at 511. However, as already noted, the defendant retains his right to an attorney on appeal, and we must protect that right. *See Penson,* 488 U.S. at 83–84, 109 S.Ct. at 351–52. Under those circumstances, we are required to abate the appeal and remand the cause to the trial court with orders to appoint a *different* attorney to represent the defendant on appeal. *See id.; Stafford,* 813 S.W.2d at 511.

Because of the consequences of a finding that an appeal is frivolous, we view an *Anders* brief with some concern. We will strictly enforce the requirements, as we understand them and as we have set them out in this order, in all *Anders* cases. We are confident that the members of the bar of this district will diligently seek to comply with these requirements.

## DISPOSITION

In the causes under consideration today, we will strike an *Anders* brief filed by a retained attorney because the *Anders* procedural safeguards do not apply to retained counsel. We will order appointed attorneys to file motions to withdraw separate from their briefs. Finally, we will order that inadequate briefs be redrawn to comply with *Anders* and *High.*

The remainder of this order is designated "do not publish." *See* TEX.R.APP.P. 90(c), (d).