Sheppard v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-113-CR
No. 10-94-114-CR
No. 10-94-115-CR
No. 10-94-116-CR
No. 10-94-117-CR
No. 10-94-118-CR
Â 
Â Â Â Â Â JAMES CURTIS SHEPPARD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 
From the 195th District Court
Dallas County, Texas
Trial Court # F93-69020-TLN, F93-45230-SN, 
F93-69022-TLN, F93-69021-TLN, 
F93-38974-TLN and F93-45190-QTN
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â James Sheppard's appointed attorney filed an Anders brief. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On November 30, 1994, we granted the
attorney's motion to withdraw in a per curiam order, finding that the appeal was without merit. 
See Johnson v. State, 885 S.W.2d 641 (Tex. App.âWaco 1994) (discussing procedures for Anders
appeals). Sheppard has not filed a pro-se brief or any requests for extensions. See id. at 647 &
n.3. Thus, because we have no viable points of error to consider, the judgments are affirmed. 
See Tex. R. App. P. 81(b)(2), 90(a).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM


Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion issued and filed February 1, 1995
Do not publish




orts with the complaint made at trial.  In making this
determination, we consider the context in which the complaint was made and the
partiesÂ shared understanding at that time.

Â 

Pena v. State, 285 S.W.3d 459, 463-64 (Tex. Crim.
App. 2009) (citations omitted).

Â Â Â Â Â Â Â Â Â Â Â  In this case, TerrellÂs
specific due course of law complaint is that Article 1, Section 19 of the Texas
Constitution provides greater protections than the United States Constitution
as it pertains to lost or destroyed evidence and that, because of this, the
StateÂs failure to preserve the audiotape and videotape of TerrellÂs police
interview and the audiotape of the victimÂs police interview violated his due
course of law rights under the Texas Constitution.Â  Terrell made the following
motion before the trial judge:

Â Â Â Â Â Â Â Â Â Â Â  Judge, I also would --
outside the presence of the jury prior to the charging of the jury -- after the
closing of the evidence would urge a motion for directed verdict and a motion
to dismiss based upon the following facts:Â  Judge, the testimony from Detective
Davis indicates that there were two audiotaped statements and one videotaped
statement made during the investigation of this case.Â  An audiotape -- an
audiotape recording of Don Terrell, a videotape recording that was made of Don
Terrell, and an audiotape recording of the complainant [N.M.] that was done on
the afternoon of October the 15th, 2003.Â  Detective Davis testified that she
was not able to produce those; that they were lost; that there had been
attempts made to locate those pieces of evidence but they have been lost.Â 
Based upon that -- based upon that testimony and the unavailability of the
evidence related to the statements -- the two statements or the audio and
videotaped statements of Don Terrell done during the investigation stage and
the audiotape of [N.M.], Judge, we would request the Court direct a verdict of
acquittal or in the alternative consider a dismissal of the indictment prior to
the charging of the jury based upon violation of Mr. TerrellÂs due process of
law rights under the United States Constitution Article 5 -- I mean Amendment 5
and Article -- and the 14th Amendment of the United States Constitution and --
as well as Article 1, Section 19 of the Texas Constitution both of which
guarantee due process of law both at the state and federal level.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  We would -- I have -- I
would also ask that there -- the Court consider other Constitutional
guarantees, specifically the inability to render effective assistance of
counsel under the United States Constitution, the Sixth Amendment and the Texas
Constitution Article 1, Section 10 based upon the unavailability of that
material evidence based upon the testimony of Detective Davis.

Â 

Â Â Â Â Â Â Â Â Â Â Â  I have no -- I have done
research on this case.Â  I recognize that there is no indication that there was
some intentional misappropriation or exfoliation [sic] of this evidence, it was
just lost; nevertheless -- and IÂve done research based upon that.Â  I was not
able to come up with any case law that would help the Court in this matter.Â  I
also recognize I had a full and adequate opportunity to cross-examine [N.M.]
based upon the handwritten statement and collateral and impeach her based on
statements that were made or omissions as well.

Â 

Terrell did not argue before the trial
court that the Texas Constitution provides greater protection than the federal
Due Process Clause.Â  Thus, he failed to preserve his complaint that the due
course of law provides greater protection for appellate review.Â  See Pena,
285 S.W.3d at 464 (ÂWe hold that, by failing to distinguish the rights and
protections afforded under the Texas due course of law provision from those
provided under the Fourteenth Amendment before the trial judge in this context,
Pena failed to preserve his complaint that the due course of law provides
greater protection for appellate review.Â). Â We thus overrule TerrellÂs point
and affirm the trial courtÂs judgment.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed December 16, 2009

Publish

[CR25]

Â