NO. 07-01-0443-CR
NO. 07-01-0444-CR
NO. 07-01-0445-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2001

_____

JOHN RICHMOND PHILLIPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,736-E; 43,962-E; 43,963-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On July 23, 2001, appellant John Richmond Phillips pled guilty to three different criminal charges in the 108th District Court of Potter County ("the trial court") pursuant to plea bargains. The trial court honored the plea bargains and imposed sentences in all three causes on July 23, 2001.

In our Cause No. 07-01-00443-CR, appellant pled guilty to and was convicted for theft, enhanced, in trial court Cause No. 43,736-E, and was sentenced to confinement for nine years in the Texas Department of Criminal Justice-Institutional Division. The trial court docket sheet indicates that counsel was appointed to represent appellant in the cause.

In our Cause No. 07-01-00444-CR, appellant pled guilty to and was convicted for forgery of a financial instrument, enhanced, in trial court Cause No. 43,962-E, and was sentenced to confinement for nine years in the Texas Department of Criminal Justice-Institutional Division. The clerk's record does not indicate that appellant claimed indigency in such cause, nor that counsel was appointed to represent him in the cause. He was represented by the same counsel that represented him in trial court Cause No. 43,736-E.

In our Cause No. 07-01-00445-CR, appellant pled guilty to and was convicted for credit card abuse, enhanced, in trial court Cause No. 43,963-E, and was sentenced to confinement for nine years in the Texas Department of Criminal Justice-Institutional Division. The clerk's record does not indicate that appellant claimed indigency in such cause, nor that counsel was appointed to represent him in the cause. He was represented by the same counsel that represented him in trial court Cause No. 43,736-E.

On October 16, 2001, the district clerk of Potter County file-marked a letter from appellant directed to the trial judge. The letter listed the three cause numbers referenced hereinabove and stated that appellant planned to appeal "this case" and the 3 nine-year

sentences and requested appointment of counsel for appeal. The envelope in which such letter was sent was apparently postmarked August 15, 2001. No separate appointment of counsel appears to have been made for appeal in any of the causes. No appearance has been made by any counsel for appellant on appeal in any of the causes. See TEX. CRIM. PROC. CODE ANN. art. 1.051(d) (Vernon Supp. 2001); TEX. CRIM. PROC. CODE ANN. art. 26.04(a) (Vernon 1989) (an attorney appointed to represent an indigent defendant in a criminal case shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted or the attorney is relieved of his duties by the court or replaced by other counsel); TEX. R. APP. P. 6.4(b). The clerk of this court has received and filed a letter from appellant requesting instructions and forms in regard to appointment of counsel on appeal.

In Texas, every person convicted of a crime has a statutory right to appeal. See TEX. CRIM. PROC. CODE ANN. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376, 378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet. h); Johnson v. State, 885 S.W.2d 641, 644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the United States Constitution guarantee to a criminal defendant the right to counsel on a first appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An attorney must be appointed by the state to represent an indigent defendant on the first appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated

3

to appoint the appellate attorney for an eligible indigent defendant.  See TEX. CRIM. PROC. CODE ANN. §§ 1.051(d)(1), 26.04(a).

Accordingly, the three appeals are abated and the causes remanded to the trial court.  TEX. R. APP. P. 43.6.  Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute these appeals; (2) if appellant desires to prosecute the appeals, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute the appeals, whether appellant's previously appointed counsel should be replaced and separate counsel for appeal appointed, and whether counsel should be appointed for the appeals in which no counsel has thus far been appointed; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant desires to prosecute the appeals, to assure that the appeals will be diligently pursued.  If the trial court determines that the attorney appointed prior to appellant's plea and conviction should be replaced, the trial court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly appointed attorney.  In this regard, we note that although appellant's correspondence requests appointment of a particular attorney on appeal, appellant is not entitled to designate which attorney is to be appointed to represent him, if any.  The determination of which attorney is to be appointed to represent an indigent defendant is within the discretion of the trial court.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations in each of the three causes, and cause them to be included in supplemental clerk's records; (3) cause the hearing proceedings to be transcribed and included in reporter's records of the hearing; and (4) have records of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's records or the reporter's records of the hearing. In the absence of a request for extension of time from the trial court, as to each of the causes, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than January 11, 2002.

Per Curiam

Do not publish.