NO. 07-02-0007-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2002



______________________________




JOY BYBEE BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 5885; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR APPOINTMENT OF COUNSEL

 Appellant Joy Bybee Brown has filed a letter which we will treat as a motion for
appointment of counsel. For the reasons discussed below, we must deny the motion. 

 Appellant appeals from the revocation of her probation for the offense of arson. On
March 8, 2002, appointed counsel filed a brief certifying that, in compliance with the
dictates of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he
had examined the record and determined that the appeal lacks merit. Counsel has also
filed a motion to withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd) (counsel has a duty to withdraw after determining the appeal is frivolous). 
Counsel also notified appellant of her right to file a pro se brief and moved for an extension
of time to file that brief. Id. at 646.

 Citing the portion of article 44.33 of the Code of Criminal Procedure which provides,
"[i]n every case at least two counsel for the defendant shall be heard in the Court of
Appeals if such be desired by the defendant," appellant now asks us to appoint a second
attorney to represent her. Article 44.33 addresses the number of counsel who may present
the appeal to the court, and it does not mandate the appointment of two counsel on
appeal. Where the legislature intended the appointment of two counsel on appeal, it has
stated so clearly. See Tex. Code Crim. Proc. Ann. art. 26.052(e) (Vernon Supp. 2002)
(appointment of two counsel in death penalty cases).

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court
determines that the appeal has merit, we will remand it to the trial court for appointment
of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Appellant's
motion is denied. 

 Per Curiam 

Do not publish.