NO. 07-03-0274-CR


 07-03-0275-CR

 07-03-0276-CR

 07-03-0277-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 7, 2003


______________________________




JOE D. HENDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,363-A; 45,823-A; 45,824-A; 45,825-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Joe D. Henderson has given pro se notice of appeal from convictions in
causes numbers 45,363-A, 45,823-A, 45,824-A and 45,825-A in the District Court of Potter
County, Texas (the trial court). The clerk of the court of appeals has received motions from
the trial court clerk and the court reporter requesting extensions of time for the filing of the
respective appellate records. Both motions reflect that no designation of record has been
received and no arrangement to pay for the records has been made. No appearance has
been made by any counsel for appellant on appeal. 

 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Crim. Proc. Code Ann. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet.); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee to a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108
S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated
to appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 These appeals are abated and the causes are remanded to the trial court. Upon
remand, the judge of the trial court is directed to cause notice to be given of and to conduct
a hearing to determine: (1) whether appellant desires to prosecute any or all of the
appeals; (2) if appellant desires to prosecute any or all of the appeals, then whether
appellant is indigent; (3) if appellant is indigent and desires to prosecute any or all of the
appeals, whether counsel should be appointed for appeal; and (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute any of the appeals, or, if
appellant desires to prosecute any of the appeals, to assure that the appeals will be
diligently pursued. If the trial court determines that counsel should be appointed for any
or all of the appeals, the trial court should cause the clerk of this court to be furnished the
name, address, and State Bar of Texas identification number of the appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record of the hearing; and (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders, findings
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than August 29, 2003. 

 Per Curiam


Do not publish.