NO. 07-03-0274-CR
07-03-0275-CR
07-03-0276-CR
07-03-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 7, 2003
_____

JOE D. HENDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,363-A; 45,823-A; 45,824-A; 45,825-A; HONORABLE HAL MINER, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ON ABATEMENT AND REMAND


Appellant Joe D. Henderson has given *pro se* notice of appeal from convictions in

causes numbers 45,363-A, 45,823-A, 45,824-A and 45,825-A in the District Court of Potter

County, Texas (the trial court).  The clerk of the court of appeals has received motions from

the trial court clerk and the court reporter requesting extensions of time for the filing of the

respective appellate records.  Both motions reflect that no designation of record has been

received and no arrangement to pay for the records has been made.  No appearance has been made by any counsel for appellant on appeal.

In Texas, every person convicted of a crime has a statutory right to appeal.  See TEX. CRIM. PROC. CODE ANN.  § 44.02 (Vernon 1979);  Nguyen v. State, 11 S.W.3d 376, 378-79 (Tex.App.--Houston [14ᵗʰ Dist.] 2000, no pet.); Johnson v. State, 885 S.W.2d 641, 644 (Tex.App.--Waco 1994, pet. ref'd).  The Sixth and Fourteenth Amendments of the United States Constitution guarantee to a criminal defendant the right to counsel on a first appeal.  See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).  An attorney must be appointed by the state to represent an indigent defendant on the first appeal.  See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988).  In Texas, the trial court has been designated to appoint the appellate attorney for an eligible indigent defendant.  See TEX. CRIM. PROC. CODE ANN. §§ 1.051(d)(1), 26.04(a).

These appeals are abated and the causes are remanded to the trial court.  Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute any or all of the appeals; (2) if appellant desires to prosecute any or all of the appeals, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute any or all of the appeals, whether counsel should be appointed for appeal; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeals if appellant does not desire to prosecute any of the appeals, or, if appellant desires to prosecute any of the appeals, to assure that the appeals will be

2

diligently pursued. If the trial court determines that counsel should be appointed for any or all of the appeals, the trial court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record of the hearing; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record of the hearing. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 29, 2003.

Per Curiam

Do not publish.