NO. 07-03-0182-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2003

_____

REGINA LEA REED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14585-0208; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND

Appellant Regina Lea Reed has given notice of appeal from conviction in cause number A14585-0208 in the District Court of Hale County, Texas (the trial court). The clerk of the court of appeals has received a motion from the court reporter requesting an extension of time for the filing of the appellate record. The motion reflects that no designation of record has been received and no arrangement to pay for the record has

been made. The court appointed attorney for appellant was granted a Motion to Withdraw as Counsel on April 16, 2003. No other appearance has been made by any counsel for appellant on appeal.

In Texas, every person convicted of a crime has a statutory right to appeal. See TEX. CRIM. PROC. CODE ANN. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376, 378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet.); Johnson v. State, 885 S.W.2d 641, 644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the United States Constitution guarantee to a criminal defendant the right to counsel on a first appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An attorney must be appointed by the state to represent an indigent defendant on the first appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated to appoint the appellate attorney for an eligible indigent defendant. See TEX. CRIM. PROC. CODE ANN. §§ 1.051(d)(1), 26.04(a).

This appeal is abated and the cause is remanded to the trial court. Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute the appeal; (2) if appellant desires to prosecute the appeal, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute the appeal, whether counsel should be appointed for appeal; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not

2

desire to prosecute the appeal, or, if appellant desires to prosecute the appeal, to assure that the appeal will be diligently pursued. If the trial court determines that counsel should be appointed for the appeal, the trial court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record of the hearing; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record of the hearing. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than September 12, 2003.

Per Curiam

Do not publish.

3