NO. 07-02-0355-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 23, 2004

_____


BRYAN PARRACK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-01D-058; HONORABLE H. BRYAN POFF, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

## ON ABATEMENT AND REMAND

Appellant Bryan Ray Parrack has given notice of appeal from a judgment in cause number CR-01D-058 in the 222nd District Court of Deaf Smith County (the trial court). After he filed appellant's brief but before oral argument in the case, counsel for appellant, Kent Birdsong, filed a Motion to Withdraw and Substitute Counsel on October 15, 2003. On October 20, 2003, the trial court ordered substitution of Vaaiva Rudd Edwards as

attorney of record. On March 15, 2004, this Court granted Mr. Birdsong's Motion to Withdraw as Attorney.

On April 9, 2004, Ms. Edwards filed a Motion to Withdraw as Counsel, notifying appellant of his right to object to the motion. TEX. R. APP. P. 6.5(a)(4). No objection has been received. Ms. Edwards' motion is granted.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979); *Nguyen v. State*, 11 S.W.3d 376, 378-79 (Tex.App.-Houston [14th Dist.] 2000, no pet. h); *Johnson v. State*, 885 S.W.2d 641, 644 (Tex.App.-Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the United States Constitution guarantee a criminal defendant the right to counsel on a first appeal. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An attorney must be appointed by the state to represent an indigent defendant on the first appeal. *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated to appoint the appellate attorney for an eligible indigent defendant. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d)(1), 26.04(a).

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 43.6. Upon remand, the judge of the trial court is directed immediately to (1) conduct any necessary hearings; (2) appoint counsel to represent appellant on appeal; (3) cause the appointment to be included in a supplemental clerk's record; (4) cause any hearing proceedings to be transcribed and included in a reporter's record of the hearing;

and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of any hearing, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than May 5, 2004.

Per Curiam

Do not publish.