NO. 07-04-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 8, 2004

_____


CHARLES GIBBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;

NO. 2003-484936; HONORABLE DRUE FARMER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**ORDER OF ABATEMENT AND REMAND**


Appellant Charles Gibbs has given notice of appeal in cause number 2003-484,936 in the County Court at Law No. 2 of Lubbock County, Texas (the trial court). The appellate court clerk received and filed the trial court clerk's record on April 2, 2004. The trial court clerk's record reflects that appellant filed an Affidavit of Inability to Employ Counsel on Appeal and Inability to Pay or Give Security for Clerk's Record and Reporter's Record.

There is not an order from the trial court determining indigency and appointment of counsel.

In Texas, every person convicted of a crime has a statutory right to appeal. See TEX. CRIM. PROC. CODE ANN. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376, 378-79 (Tex.App.-Houston [14th Dist.] 2000, no pet. h); Johnson v. State, 885 S.W.2d 641, 644 (Tex.App.-Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the United States Constitution guarantee to a criminal defendant the right to counsel on a first appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An attorney must be appointed by the state to represent an indigent defendant on the first appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated to appoint the appellate attorney for an eligible indigent defendant. See TEX. CRIM. PROC. CODE ANN. §§ 1.051(d)(1), 26.04(a).

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 43.6. Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if it is determined that appellant is indigent, whether counsel should be appointed to represent appellant. If counsel is appointed to represent appellant, then the trial court is directed to cause the name, address, and State Bar of Texas identification number of the new attorney to be furnished to the clerk of this court; and, (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to

-2-

dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and, (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record of the hearing. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 6, 2004.

Per Curiam

Do not publish.