NO. 07-06-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2006

_____

CARL BURFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-301203; HONORABLE JON WISSER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant Carl Burford was convicted by a jury of possession of a controlled substance, enhanced, and sentenced to five years confinement. On October 19, 2006, Appellant's counsel filed an *Anders* brief in which he certified the appeal is frivolous; however, said brief also contained what could be construed as an

arguable ground for appeal and a prayer for relief requesting the verdict be reversed and the case be remanded for further proceedings. Furthermore, counsel did not file a motion to withdraw from a proceeding where Appellant's attorney has concluded the appeal is frivolous, as mandated by *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.-Waco 1994 pet. ref'd). By letter dated October 19, counsel was notified by this Court that the prayer for relief requesting the verdict be reversed and the case be remanded for further proceedings was inconsistent with counsel's certification of no reversible error. Counsel was directed by this Court to correct the defect on or before October 30, 2006. Counsel was also notified by this Court that he was under a duty to request permission to withdraw from representation in the event he believed the appeal to be frivolous. To date, counsel has failed to either amend the Appellant's brief or file a motion to withdraw. Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall immediately determine the following:

1. whether Appellant desires to prosecute the appeal; and if so,

2. whether appointed counsel intended to file an *Anders* brief;

3. if Appellant's counsel did intend to file an *Anders* brief; why he has failed to correct the inconsistent prayer and file a motion to withdraw;

4. if Appellant's counsel did not intend to file an *Anders* brief, whether he has abandoned the appeal by failing to correct the inconsistent positions taken in Appellant's brief;

5. if Appellant's counsel has abandoned the appeal; whether new counsel should be appointed on appeal.

2

The trial court shall execute findings of fact and conclusions of law, and cause the same to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 29, 2006. A supplemental reporter's record of any hearing shall also be included in the appellate record if requested by appellate counsel.

Should the trial court determine that (1) Appellant does desire to prosecute his appeal, (2) Appellant's counsel did not intend to file an *Anders* brief, (3) Appellant's counsel has abandoned Appellant's appeal, and (4) new counsel should be appointed on appeal, then the trial court shall appoint new counsel; in which event the trial court shall provide this Court with the name, address, telephone number, and state bar number of the newly-appointed counsel.

It is so ordered.

Per Curiam

Do not publish.

3