NO. 07-07-0393-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D 



OCTOBER 5, 2007



______________________________




IN RE JUAN ROBERTO RODRIGUEZ, RELATOR



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Relator, Juan Roberto Rodriguez, an inmate proceeding pro se has filed a "Petition
for Writ of Prohibition" naming the Texas Board of Pardons and Paroles and the Texas
Department of Criminal Justice-Institutional Division as Respondents. His petition is
couched in terms more appropriate to that of a petition for writ of mandamus. Rodriguez
alleges he was "deprived of his privileges to litigate his legal matter's [sic] to both agency's
[sic] and court systems to remedy issues that are state constitutional protections." (1)

 Our jurisdiction to issue writs is limited. We have authority to issue writs when
necessary to enforce our jurisdiction and against district and county court judges within our
district. Tex. Gov't Code Ann. § 22.221 (Vernon 2004). The Respondents named herein 
are not parties against whom we may issue a writ of prohibition or a writ of mandamus. 
Additionally, Rodriguez has not demonstrated that the exercise of our writ power is
necessary to enforce our jurisdiction. Consequently, we have no jurisdiction to grant
Rodriguez any relief.

 Accordingly, this proceeding is dismissed for want of jurisdiction.

 Patrick A. Pirtle

 Justice


1. Relator's complaint relates to an alleged breach of a parole contract raised in Juan
Roberto Rodriguez v. State of Texas, Cause Number 07-07-0388-CR, which was
dismissed for want of jurisdiction on this same date.


 a motion to revoke appellant's community supervision which was
heard on January 26, 2006. Appellant pled not true to the State's fourteen violations of
community supervision alleged as the basis for the motion. After hearing testimony, the
trial judge found that appellant had committed eleven violations of his community
supervision, revoked the order placing appellant on community supervision, and ordered
that appellant serve the confinement portion of his sentence in the State Jail Division of the
Texas Department of Criminal Justice. Appellant filed a notice of appeal. 

 Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating
that he has diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error upon which an appeal can arguably be predicated. Counsel
thus concludes that the appeal is frivolous. Counsel's brief discusses why, under the
controlling authorities, there is no reversible error in the trial court proceedings and
judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief has been
forwarded to appellant and that counsel has appropriately advised appellant of his right to
review the record and file a pro se response to counsel's motion and brief. The clerk of this
court has also advised appellant by letter of his right to file a response to counsel's brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. See
Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having done so and finding no reversible error,
appellant's counsel's motion to withdraw is granted and the trial court's judgment is
affirmed.


 Mackey K. Hancock

 Justice



Do not publish.