

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00142-CR

NIJINSKI TWON MURPHY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 420th District Court
Nacogdoches County, Texas
Trial Court No. F1219426

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Nijinsky Twon Murphy appeals his jury conviction, under a single cause number, of three separate prosecutions, one for aggravated assault, and two for burglary of a habitation. Murphy was represented by appointed counsel at trial but has not been appointed counsel for appeal. The clerk of this Court has contacted the District Clerk of Nacogdoches County and the court reporter. Based upon those conversations, it appears that Murphy has not been admonished as required before he can appropriately represent himself on appeal and that the reporter's record has not yet been prepared.

Murphy was represented by appointed counsel, John Ernest Boundy, at trial. Boundy's motion to withdraw was granted by the trial court June 11, 2013, with no new counsel appointed. According to information provided to our clerk's office, the trial court did not appoint counsel for Murphy because Murphy wished to represent himself on appeal.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Johnson v. State*, 885 S.W.2d 641, 644 (Tex. App.—Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments to the United States Constitution mandate that each criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. *See Douglas v. People of State of Cal.*, 372 U.S. 353 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 435 (1988).

Counsel is appointed by the trial court. TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2012). Therefore, we abate this appeal to the trial court so that it may make the following

2

determinations and enter findings on each:  (1) whether Murphy wishes to pursue this appeal, (2) whether Murphy is indigent, and (3) if indigent, whether Murphy wishes to have an attorney represent him on appeal.  If Murphy is indigent and wishes to be represented by an attorney on appeal, the trial court shall appoint an attorney to represent him.

If Murphy wishes to represent himself on appeal, the same admonishments should be given and the same findings made as are required in a traditional *Faretta* hearing.  Under those requirements, an accused's decision to represent himself at trial must be made knowingly, intelligently, and voluntarily.  *Faretta v. California*, 422 U.S. 806, 835 (1975); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012).  The warnings of the pitfalls of engaging in a legal proceeding without counsel must be rigorously conveyed.  *Iowa v. Tovar*, 541 U.S. 77 (2004).  The record must show that the trial court admonished the defendant of the practical disadvantages of self-representation, including the fact that he will not be granted any special consideration or relief from the technicalities of the Texas Rules of Evidence and Texas Rules of Procedure solely because the defendant elects to appear pro se.  *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).  Should Murphy elect to appear pro se, he must also prepare and file a written waiver pursuant to Article 1.051(g) of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).  If the court finds that Murphy does not meet the requirements set out above or in the absence of preparation and filing of the requisite waiver, the trial court is directed to appoint counsel to represent Murphy on appeal.

We, therefore, abate this appeal to the trial court so that it may conduct any hearings (in person, by video link, or telephone) that are necessary to make these determinations. The court may make any orders necessary to implement our directives.

Any hearing shall take place within twenty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3).

Pending the return of the appeal to this Court's jurisdiction, all appellate timetables are stayed.

IT IS SO ORDERED.

BY THE COURT

Date: August 1, 2013

4