NO. 07-02-0500-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 4, 2003



______________________________




CHRISTOPHER C. BRANTLEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-438634; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Christopher C. Brantley was convicted by
a jury of third degree felony escape, enhanced, and punishment was assessed by the trial
court at seventeen years confinement. By three issues, appellant contends the evidence
is (1) legally insufficient and (2) factually insufficient to support the jury's verdict, and (3)
his sentence is illegal and void because the State used a prior felony conviction to prove
an essential element of third degree felony escape as an enhancement. Based upon the
rationale expressed herein, we affirm the conviction, but reverse the punishment portion
of the judgment and remand the cause to the trial court for a new punishment hearing. 

 Upon his plea of guilty to possession of a controlled substance, on July 11, 1994,
appellant was sentenced to 10 years confinement, suspended for 10 years. Then, on
October 14, 1996, appellant's community supervision was revoked and the original
sentence was imposed. After being placed on parole, appellant's parole officer caused a
blue warrant to be issued for his arrest on June 19, 2001. After Officer Sansing was
informed of the warrant and appellant's possible location at an apartment complex in
Lubbock, Sansing spotted appellant's vehicle which was occupied by two people. Unable
to identify appellant in the car, Sansing set up surveillance and called two other officers
to assist him in arresting appellant. As appellant was driving across a parking lot followed
by Sansing, the responding officers pulled in front of appellant's car and forced him to
stop, after which he was taken into custody.

 By his first and second issues, appellant contends the evidence was legally and
factually insufficient to support the jury's verdict that he intentionally and knowingly
escaped from the officer's custody. We disagree and will consider the issues
simultaneously. When both the legal and factual sufficiency of the evidence are
challenged, we must first determine whether the evidence is legally sufficient to support
the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental
rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that the defendant committed each element of the alleged offense. U.S.
Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen.
Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must
determine whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). 
As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove.
According to section 38.01(2) of the Texas Penal Code Annotated (Vernon 2003), escape
is defined as the "unauthorized departure from custody." As material here, section
38.06(a) provides that a person commits the offense of escape if he escapes from custody
when he is under arrest for, charged with, or convicted of an offense. Also, prior custody
is an essential element of the offense of escape. Lawhorn v. State, 898 S.W.2d 886, 890
(Tex.Cr.App. 1995) (en banc). For these purposes, "custody" means "under arrest by a
peace officer or under restraint by a public servant pursuant to an order of a court of this
state or another state of the United States." Tex. Pen. Code Ann. § 38.01(1)(A) (Vernon
2003).

 Focusing on the custody element of the offense, appellant asserts the evidence is
insufficient to establish that Sansing had full custody of him. We disagree. As material
here, the court's charge provided in relevant part:

 The term "custody means" detained or under arrest by a peace officer
or under restraint by a public servant pursuant to an order of a court of this
state or another state [of] the United States.

* * *


 A "public servant" means an officer, employee, or agent of
government. A City of Lubbock police officer is a public servant.

 An arrest is complete when a person's liberty of movement is
successfully restricted or restrained, whether this is achieved by an officer's
physical force or the suspect's submission to the officer's authority. An
arrest is complete if a reasonable person in the suspect's position would
have understood the situation to constitute a restraint of freedom of
movement of the degree which the law associates with formal arrest.


Appellant does not allege any charge error. 

 Officer Sansing testified that after he removed appellant from the car he was driving,
he placed him on the ground and notwithstanding his resistance, he managed to place
handcuffs on him. He testified that with the assistance of another officer, appellant was
brought to his feet. At that time, appellant asked why he was under arrest and Sansing
responded it was for a parole violation. The officers grabbed appellant's arms and as they
were escorting him to the patrol car, he broke free and ran away. Viewing the evidence
under Jackson, we conclude it was legally sufficient to support the jury's verdict. 

 Concluding the evidence is legally sufficient to support the verdict, we must now
determine, after a neutral review of all the evidence, whether it is factually sufficient to
support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v.
State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 In addition to Sansing's testimony discussed above, two other officers presented
similar testimony. Moreover, evidence of appellant's escape was demonstrated by a video
tape made by a camera installed in one of the patrol cars. The video first depicts a
handcuffed female sitting on the ground near a patrol car and being watched by an officer. 
Then, it shows appellant, with his hands restrained by handcuffs and his arms secured by
grips, being escorted by two officers. Then, with a sudden burst of speed and force,
appellant broke free and a chase followed. Ultimately, appellant was recaptured and
returned to custody. After reviewing all the record evidence under Johnson, 23 S.W.3d
at 11, and without substituting our own judgment, we conclude the evidence is factually
sufficient to support the verdict. Issues one and two are overruled.

 By his third issue, appellant contends his sentence is illegal because the State used
a prior felony conviction to prove an essential element of third degree felony escape and
also as an enhancement. With commendable professional candor, the State concedes
appellant's sentence is illegal because section 12.42(a) of the Texas Penal Code bars it
from using a prior conviction to enhance an offense if it has already been used to prove
an essential element of the charged offense. Appellant's third issue is sustained.

 Accordingly, the judgment of conviction is affirmed; however, the punishment portion
of the judgment is reversed and the cause is remanded to the trial court for a new
punishment hearing to utilize the appropriate third degree range of punishment.

 Don H. Reavis

 Justice


Do not publish.



a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco
1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel. Appellant has not
filed a response. 
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). Having done
so, we are convinced appellate counsel conducted a complete review of the record. We
agree it presents no arguably meritorious grounds for review. Accordingly, we grant
counsel's motion to withdraw


 and affirm the judgment of the trial court.
 
James T. Campbell

Justice

 
 
 
 
Do not publish.