Garza v. SOT















NUMBER 13-02-00378-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

JUAN GILBERTO GARZA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Hinojosa

          Pursuant to a plea agreement, appellant, Juan Gilberto Garza, pleaded guilty on
April 12, 2002, to the offense of burglary of a building. The trial court found him guilty and,
in accordance with the plea agreement, assessed appellant’s punishment at two years
confinement in a state jail facility, suspended the sentence, and placed him on community
supervision for five years.
          On September 3, 2002, appellant’s attorney filed a brief with this Court asserting
there is no basis for appeal. See Anders v. California, 386 U.S. 738 (1967). According to
the brief, counsel has reviewed the clerk’s record and reporter’s record and has concluded
that appellant’s appeal is frivolous and without merit. See Anders v. California, 386 U.S.
738, 744 (1967). The brief meets the requirements of Anders as it presents a professional
evaluation showing why there are no arguable grounds for advancing an appeal. See
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully
discussed why, under the controlling authorities, there are no errors in the trial court’s
judgment.
          After reviewing counsel’s brief, we noted it did not show that counsel had sent a
copy of the brief to appellant, nor did it show that counsel had informed appellant he
believed the appeal was frivolous and without merit. See Johnson v. State, 885 S.W.2d
641, 645 (Tex. App.–Waco 1994, pet. ref’d). On May 15, 2003, we abated this appeal to
allow counsel to send appellant a copy of counsel’s brief and to notify appellant of his right
to review the record and to file a pro se brief. If appellant wished to file a pro se brief, it
was to be filed on or before June 26, 2003. We ordered counsel to provide this Court with
a written copy of such notification on or before May 26, 2003. Appellant’s counsel has
certified that he mailed a copy of the brief to appellant on May 22, 2003, and that he
informed appellant of his right to examine the appellate record and to file a pro se brief. 
No such brief has been filed.
          The 2003 amendments to the Texas Rules of Appellate Procedure require the trial
court to certify a defendant’s right of appeal. See Tex. R. App. P. 25.2(a)(2). On July 22,
2003, we abated this appeal to give the trial court an opportunity to file the certification
order. We received the trial court’s certification order on August 13, 2003. See Tex. R.
App. P. 25.2(d). The certification order states that this “is a plea-bargain case, and the
defendant has NO right of appeal.” 
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the appellate record and
counsel’s brief. The record shows that appellant waived his right to appeal by written
waiver. We find nothing in the record that might arguably support this appeal.
          We dismiss this appeal.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
15th day of January, 2004.