NO. 07-04-0438-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 16, 2005



______________________________




BRENT LEE CROCKETT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8792; HONORABLE WILLIAM D. SMITH, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Appellant Brent Lee Crockett appeals his conviction for the felony offense of
tampering with physical evidence. We abate and remand this cause to the trial court for
appointment of new counsel.

 Appellant was charged with tampering with physical evidence by an indictment
alleging that, with knowledge that a murder had been committed, he altered, destroyed and
concealed the body of Phyllis Jackson with the intent to impair its availability as evidence
in the investigation of the murder. In a prior proceeding, appellant was tried as a party to
the murder of Jackson and was acquitted. In the instant case, appellant pled guilty to the
indicted offense. The jury accepted appellant's guilty plea and assessed punishment at ten
years confinement in the Institutional Division of the Texas Department of Criminal Justice
and a fine of $10,000.00. Appellant's appointed trial counsel timely perfected appeal and
new counsel was appointed to represent appellant on appeal.

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he
concludes there is no reversible error or legitimate grounds for appeal. Counsel has
informed appellant by letter of his right to file a pro se brief. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.-Waco 1994, pet. ref'd). Counsel also provided appellant a copy of the
appellate record from the tampering case. By letter, this court also notified appellant of his
opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a brief or other response.

 Counsel identifies two potentially arguable grounds for appeal. Both of these
grounds, at their core, contend that the trial court erred in overruling appellant's pre-trial
motion to suppress (1) the introduction of evidence in the tampering trial that had been
introduced during the prior murder trial. Counsel argues that collateral estoppel, which is
embodied in the Fifth Amendment guarantee against double jeopardy, see Ashe v.
Swenson, 397 U.S. 436, 445-46, 90 S.Ct. 1189, 25, L.Ed.2d 469 (1970), precludes
appellant's conviction for tampering when the same evidence was used to attempt to prove
that appellant was a party to murder. However, having presented the argument that the
grounds raised are meritorious, counsel's Anders brief does not analyze why they lack
merit. Counsel nonetheless concludes that he can find no viable error to support the
appeal. An Anders brief in support of a motion to withdraw should demonstrate "why, in
effect, there are no arguable grounds to be advanced." High v. State, 573 S.W.2d 807, 812
(Tex.Crim.App. 1978); see Johnson, 885 S.W.2d at 646.

 Further, we are required to make an independent examination of the entire record
to determine whether there are any arguable grounds to support the appeal. Penson v.
Ohio, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). Determination of whether collateral estoppel
precludes a second trial necessarily requires review of the record from the previous
proceeding. Ashe, 397 U.S. at 445; Ex parte Taylor, 101 S.W.3d 434, 442 (Tex.Crim.App.
2002). The trial court ordered preparation of the record from the murder trial at no charge
to appellant, but the appellate record does not contain a copy of this record. We are
therefore precluded from examining the entire record and cannot determine whether the
rule of collateral estoppel presents an arguable ground upon which this appeal might be
supported.

 To ensure appellant's right to counsel, we grant appellant's present counsel's motion
to withdraw, abate the appeal, and remand the cause to the trial court for appointment of
new counsel. See Stafford, 813 S.W.2d at 511; Duncan v. Evans, 653 S.W.2d 38, 40
(Tex.Crim.App. 1983). We direct the trial court to appoint new counsel to represent
appellant on appeal, including the responsibility to file a brief addressing the grounds
present counsel has identified as well as any other grounds that might support the appeal. 
If, following review of the record, new counsel determines the grounds present counsel has
raised have no arguable merit, counsel's brief shall demonstrate, with appropriate citations
to the record and to legal authority, why that is so. See High, 573 S.W.2d at 812-13. The
trial court shall furnish the name, address, telephone number, and state bar number of new
counsel to the clerk of this court immediately after the appointment is ordered. Further, we
direct that the clerk's and reporter's records from the murder trial be filed with this court
within 60 days after the appointment of new counsel. All other appellate deadlines shall
be in accord with the Texas Rules of Appellate Procedure.

 It is so ordered.

 Per Curiam


Do not publish.
1. This issue actually was presented in a "special plea of double jeopardy."