NO. 07-06-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 9, 2007
_____

HENRY ARRIZOLA RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16665-0602; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____ON ABATEMENT AND REMAND


Appellant, Henry Arrizola Ramirez, appeals his conviction for unauthorized absence from a correctional facility.  Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues to appeal.  Because of the court's concern regarding effective representation of appellant on appeal, we grant attorney's motion to withdraw, abate the appeal, and remand the case back to the trial court for appointment of new counsel.

## Background

Appellant was charged with unauthorized absence from a correctional facility, assault, and forgery. After a jury trial, appellant was found guilty of unauthorized absence from a correctional facility and misdemeanor assault. Appellant has appealed only the conviction of unauthorized absence from a correctional facility. His appellate counsel, has filed a motion to withdraw along with an Anders brief. Anders, 386 U.S. at 744-45.

In cases where an Anders brief has been filed, we face two interrelated tasks as we consider counsel's motion to withdraw. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In an Anders brief, counsel's discussion of the evidence adduced at trial must point to any pertinent testimony found in the record, discuss any objections made during trial, discuss the trial court's ruling on the objections, and why the trial court's rulings were correct or why appellant was not harmed by the rulings of the court. Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, writ ref'd). A cursory review of the evidence is inadequate under Anders and its progeny, Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.Crim.App. 1991), and is of no assistance to the court. High, 573 S.W.2d at 812. Further, appellate counsel who has filed a brief stating that there are no arguable grounds

2

for appeal and who has filed a motion to withdraw must be allowed to withdraw.  See Stafford, 813 S.W.2d at 511.

In this matter, appellant's brief was due to be filed no later than January 4, 2007. After failing to receive appellant's brief in a timely manner, this court notified counsel by letter dated January 11 of the past due brief and requested a response by January 22. On January 23rd, this court received a motion to withdraw, an Anders brief, and a copy of the attorney's letter informing appellant of the filing of the Anders brief.

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae . . . ."  Stafford v. State, 813 S.W.2d 503, 509 (Tex.Crim.App. 1991) (quoting Anders, 386 U.S. at 744).  In this matter, counsel has filed the brief late.  In his letter to appellant, counsel refers to Appellant's Amended Brief and the Amended Motion to Withdraw.   In fact, counsel has filed an Appellant's Brief and a Motion to Withdraw, but has amended neither.  In the Anders brief, counsel's analysis consists of a single paragraph professing to have read and reviewed the entire record and that counsel is unable to find any non-frivolous issues.  This analysis is similar to counsel's first attempt at an Anders brief in Stafford which was determined to be unacceptable. See Stafford, 813 S.W.2d at 510.  Appellate counsel did not make specific references to the record, either supporting or challenging the conviction. See Johnson v. State, 885 S.W.2d 641, 646-47 (Tex.App.–Waco 1994, pet. ref'd). Furthermore, counsel references a community supervision revocation issue without explaining how a community supervision

3

revocation issue arises from a jury trial of three original offenses. This court is not satisfied that appellant has received an active advocate.

We will not require counsel to refile a properly written <u>Anders</u> brief. Instead, we grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. Upon remand, the trial court should conduct a hearing within 30 days to determine whether (1) appellant wishes to continue his appeal; (2) appellant remains indigent; and (3) if indigent, appoint new counsel to represent appellant on appeal. The trial court shall direct the newly appointed counsel, if any, to file appellant's brief within 30 days after his or her appointment, and shall furnish the name, address and State Bar number of appointed counsel to the Clerk of this Court immediately after the appointment is made.

Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing appointment of counsel and any additional orders arising from said hearing and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental records to be filed with the clerk of this court on or before March 12, 2007.

It is so ordered.

Per Curiam

Do not publish.

4