NO. 07-06-0182-CR
07-06-0183-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 27, 2007
_____

LORREN DEAN ROBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6869, 6870; HONORABLE DAVID L. GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Lorren Dean Roby appeals his convictions for the felony offenses of aggravated sexual assault and indecency with a child. We agree with appointed counsel's conclusion that the record in these companion appeals fails to show any meritorious issue which would support either appeal and affirm the trial court's judgments.

In two separate indictments appellant was charged with touching the genitals of the victim on one occasion and penetrating the same victim's sexual organ in a separate event.

The offenses were alleged to have occurred approximately one month apart. The charges were consolidated for trial[1] and appellant pled not guilty to each. The jury found him guilty on both counts as alleged in the indictments. The jury assessed punishment at 20 years confinement on the charge of indecency with a child and 60 years confinement on the aggravated sexual assault charge. The trial court rendered judgments in conformity with the jury's verdicts and ordered the sentences to run concurrently.

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he represents he has searched the record and in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate grounds for appeal. Counsel has informed appellant by letter of his right to review the trial record and to file a pro se response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a brief or other response. Nor has the State filed a brief in either appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court

---

[1] Two additional counts had been consolidated for trial but the State dismissed those counts, alleging offenses against another victim, before the case was submitted to the jury.

determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Counsel's brief lists two potential issues. The first discusses the procedural history of the case finding the record fails to show reversible error. The second issue recites the standards by which claims of ineffective assistance of counsel are reviewed. Without discussing trial counsel's performance, appellate counsel concludes no error is shown in the record. Our review of counsel's brief and the record convinces us that appellate counsel conducted a review of the record.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. That record shows trial counsel's performance was not deficient. It shows he was thoroughly familiar with the facts of the case, actively cross-examined witnesses and successfully advanced objections. We agree the record presents no meritorious grounds for review. We grant counsel's motion to withdraw, and affirm the judgment of the trial court in each case.

James T. Campbell<br>Justice

Do not publish.