NO. 07-06-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 19, 2007
_____

DANNY VILLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412699; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant Danny Villa[1] appeals his convictions for the felony offense of driving while intoxicated and punishment, enhanced by two prior felony convictions, at life imprisonment. We abate and remand this cause to the trial court for appointment of new counsel.

---

[1] The indictment shows appellant's name as Daniel Villa. During a pretrial hearing appellant informed the court his true name is Danny Villa and the trial judge stated the style of the case would be in the corrected name. *See* Tex. Code Crim. Proc. Ann. art. 26.08 (Vernon 1989).

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she represents she has searched the record and, in her professional opinion, under the controlling authorities and facts of the case there is no reversible error or legitimate grounds for appeal. Counsel has informed appellant by letter of his right to review the trial record and to file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a *pro se* response raising four issues he believes show the appeal has merit. The State has filed a brief addressing the issues in appellant's response.

Having reviewed the record and attempted to address the matters discussed in appointed counsel's *Anders* brief, appellant's *pro se* response and the State's brief, we find that we cannot do so without addressing the merits of those matters. Accordingly, we must conclude that arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (discussing choices available to court of appeals faced with *Anders* brief and *pro se* response).

To ensure appellant's right to counsel, we grant appellant's present counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court for appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We direct the trial court to appoint new counsel

2

to represent appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this court immediately after the appointment is ordered. Appellant's brief shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accord with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.