NO. 07-06-0382-CR and 07-06-0383-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2007


______________________________



MICHAEL ANTHONY SAM, APPELLANT



V.



THE STATE OF TEXAS
, APPELLEE


_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 93823, 93824; HONORABLE LARRY GIST, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Michael Anthony Sam appeals from the revocation of his community
supervision as it applies to two causes, one a second degree felony and the other a state
jail felony. In appellate cause number 07-06-0382-CR, appellant appeals from the trial
court's judgment revoking his community supervision, adjudicating him guilty of delivery
of a controlled substance and imposing a sentence that includes confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of five years. 
In appellate cause number 07-06-0383-CR, he appeals from the trial court's judgment
revoking his community supervision, adjudicating him guilty of delivery of marijuana and
imposing a sentence that includes confinement in the Institutional Division of the Texas
Department of Criminal Justice for a period of eighteen months. Appellant's attorney has
filed briefs in compliance with Anders v. California, 386 U.S. 738 (1967), and certifies that
there are no non-frivolous issues to appeal. We agree with appointed counsel's conclusion
the record fails to show any meritorious issue which would support the appeal, and affirm
the trial court's judgments.

 In January 2005, appellant was charged by indictment with the offenses of delivery
of a controlled substance, specifically cocaine, and of delivery of marijuana, both occurring
in March 2004. Later that month, appellant plead guilty to both offenses, pursuant to an
agreed plea bargain with the State. 

 Pursuant to the plea agreement and appellant's pleas of guilty, and after reviewing
a pre-sentencing investigation report, the trial court assessed appellant a $750 fine on
each offense and placed him on deferred adjudication community supervision for a period
of three years, at a sentencing hearing held in March 2005. (1) 

 The State filed its first Motion to Revoke Unadjudicated Probation a year later, in
March 2006. In April 2006, the court continued appellant on community supervision to
allow him to complete his remaining semester of education; however, in June 2006 the
State filed a second Motion to Revoke. The motion alleged four violations of the conditions
of appellant's community supervision. 

 A revocation hearing was conducted in August 2006, at which appellant plead true
to two of the alleged violations. As noted, the court adjudicated appellant guilty of both
original offenses and assessed the sentences we have recited. This appeal followed.

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders, in which he certifies that he has diligently reviewed the record and, in
his professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be
predicated. The brief discusses the factual and procedural history of the case and
evidence presented. In conformity with counsel's obligation to support the appeal to the
best of his ability, the brief discusses several potential issues on appeal and explains why
they do not show reversible error. (2) Johnson v. State, 885 S.W.2d 641, 645 (Tex.
App.-Waco 1994, pet. ref'd). Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this court also notified appellant of
his opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a response. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new 
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 As applicable to this appeal, the Code of Criminal Procedure does not permit review
by appeal of the trial court's decision to proceed with an adjudication of guilt on the delivery
charges to which appellant plead guilty. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006); (3) Hogans v. State, 176 S.W.3d 829, 832 (Tex.Crim.App. 2005). The
appellate court may review the trial court's assessment of punishment. Id. at 833. 

 Appellant was represented by counsel throughout the proceedings in the trial court. 
The sentences imposed were within the range of punishment established by statute. Tex.
Pen. Code Ann. § 12.33 (Vernon 2003) (second degree felony punishment); Tex. Pen.
Code Ann. § 12.35 (Vernon 2007) (state jail felony punishment). Our review convinces us
that appellate counsel conducted a complete review of the record. We have also made an
independent examination of the entire record to determine whether there are any arguable
grounds which might support the appeal of the trial court's orders applicable to either
offense. See Stafford, 813 S.W.2d at 511. We agree it presents no meritorious grounds
for review with regard to either offense. We grant counsel's motion to withdraw (4) and affirm
the judgment of the trial court as to both causes.


 James T. Campbell

 Justice





Do not publish.


1. The record indicates appellant and the State had not agreed whether his
community supervision would be imposed as deferred adjudication or as a suspended
sentence. After the court received the pre-sentence investigation report and conducted
a sentencing hearing, it determined that deferred adjudication was appropriate.
2. The brief additionally contains citation to the record and authority showing the trial
court's compliance with other applicable procedural requirements.
3. The adjudication of appellant's guilt occurred before the effective date of Senate
Bill 909, which authorizes appeals from the decision to adjudicate. Act of June 15, 2007,
80th Leg., R.S., Ch. 1308, §1, 2007 Tex. Gen. Laws--(amending Tex. Code Crim. Proc.
Art. 42.12, §5).
4. Counsel shall, within five days after this opinion is handed down, send his client
a copy of the opinion and judgment, along with notification of the defendant's right to file
a pro se petition for discretionary review. Tex. R. App. P. 48.4.


he hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this Court. Id. In the absence of a request for
extension of time from the trial court, the supplemental clerk’s record, supplemental
reporter’s record, and any additional proceeding records, including any orders, findings,
conclusions, and recommendations, are to be sent so as to be received by the Clerk of this
Court not later than September 11, 2009.


  
 
                                                                           Per Curiam
Do not publish.