NO. 07-06-0382-CR and 07-06-0383-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2007
_____

MICHAEL ANTHONY SAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 93823, 93824; HONORABLE LARRY GIST, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Michael Anthony Sam appeals from the revocation of his community supervision as it applies to two causes, one a second degree felony and the other a state jail felony. In appellate cause number 07-06-0382-CR, appellant appeals from the trial court's judgment revoking his community supervision, adjudicating him guilty of delivery of a controlled substance and imposing a sentence that includes confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of five years. In appellate cause number 07-06-0383-CR, he appeals from the trial court's judgment

revoking his community supervision, adjudicating him guilty of delivery of marijuana and imposing a sentence that includes confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of eighteen months. Appellant's attorney has filed briefs in compliance with *Anders* v. *California,* 386 U.S. 738 (1967), and certifies that there are no non-frivolous issues to appeal. We agree with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, and affirm the trial court's judgments.

In January 2005, appellant was charged by indictment with the offenses of delivery of a controlled substance, specifically cocaine, and of delivery of marijuana, both occurring in March 2004. Later that month, appellant plead guilty to both offenses, pursuant to an agreed plea bargain with the State.

Pursuant to the plea agreement and appellant's pleas of guilty, and after reviewing a pre-sentencing investigation report, the trial court assessed appellant a $750 fine on each offense and placed him on deferred adjudication community supervision for a period of three years, at a sentencing hearing held in March 2005.[1]

The State filed its first Motion to Revoke Unadjudicated Probation a year later, in March 2006. In April 2006, the court continued appellant on community supervision to allow him to complete his remaining semester of education; however, in June 2006 the

_____

[1] The record indicates appellant and the State had not agreed whether his community supervision would be imposed as deferred adjudication or as a suspended sentence. After the court received the pre-sentence investigation report and conducted a sentencing hearing, it determined that deferred adjudication was appropriate.

2

State filed a second Motion to Revoke. The motion alleged four violations of the conditions of appellant's community supervision.

A revocation hearing was conducted in August 2006, at which appellant plead true to two of the alleged violations. As noted, the court adjudicated appellant guilty of both original offenses and assessed the sentences we have recited. This appeal followed.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders*, in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, the brief discusses several potential issues on appeal and explains why they do not show reversible error.[2] *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.–Waco 1994, pet. ref'd). Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

---

[2] The brief additionally contains citation to the record and authority showing the trial court's compliance with other applicable procedural requirements.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

As applicable to this appeal, the Code of Criminal Procedure does not permit review by appeal of the trial court's decision to proceed with an adjudication of guilt on the delivery charges to which appellant plead guilty. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006);[3] *Hogans v. State*, 176 S.W.3d 829, 832 (Tex.Crim.App. 2005). The appellate court may review the trial court's assessment of punishment. *Id*. at 833.

Appellant was represented by counsel throughout the proceedings in the trial court. The sentences imposed were within the range of punishment established by statute. Tex. Pen. Code Ann. § 12.33 (Vernon 2003) (second degree felony punishment); Tex. Pen. Code Ann. § 12.35 (Vernon 2007) (state jail felony punishment). Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal of the trial court's orders applicable to either offense. *See Stafford,* 813 S.W.2d at 511. We agree it presents no meritorious grounds

---

[3] The adjudication of appellant's guilt occurred before the effective date of Senate Bill 909, which authorizes appeals from the decision to adjudicate. Act of June 15, 2007, 80th Leg., R.S., Ch. 1308, §1, 2007 Tex. Gen. Laws—(amending Tex. Code Crim. Proc. Art. 42.12, §5).

for review with regard to either offense.  We grant counsel's motion to withdraw[4] and affirm the judgment of the trial court as to both causes.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.