NO. 07-07-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2008
                                       ______________________________

CARL L. BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 175TH DISTRICT COURT OF BEXAR COUNTY;

NO. 1996CR0292; HONORABLE MARY ROMAN, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Carl L. Brooks brings this appeal from the trial court’s assessment of an
automatic life sentence, founded on the State’s waiver of the death penalty following a
remand from the federal Fifth Circuit Court of Appeals for a new punishment hearing.
Agreeing with appointed counsel’s conclusion the record fails to show any arguably
meritorious issue which could support the appeal, we affirm the trial court’s judgment. 
          By a January 1996 indictment, appellant was charged with capital murder.


 
Following trial, appellant was found guilty and punishment was set at death.


 On the first
day of the sentencing phase, a member of the jury that had convicted appellant was
arrested for the misdemeanor offense of unlawfully carrying a weapon.


 The jury member
potentially faced prosecution by the district attorney’s office then prosecuting appellant. 
Appellant sought relief in the Fifth Circuit, contending in part that this jury misconduct
tainted the jury’s sentencing decision. The Fifth Circuit concluded that while appellant’s
conviction of capital murder must stand, the sentence of death must be vacated. Brooks
v. Dretke, 418 F.3d 430 (5th Cir. 2005). The court directed the Western District of Texas
to issue a writ of habeas corpus granting appellant partial federal habeas corpus relief in
the form of either a new capital sentencing hearing or a sentence of less than death as
provided by state law. Brooks v. Dretke, 418 F.3d 430, 436 (5th Cir. 2005). On remand,
the State waived the death penalty, and the court automatically sentenced appellant to life
imprisonment, as this was the only other sentence available. See Tex. Code Crim. Proc.
Ann. art. 37.071 (Vernon 2006). It is this proceeding that is at issue in the appeal before
us.
          Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief
in support pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), in which she certifies that she has carefully reviewed the record and,
in her professional opinion, under the controlling authorities and facts of this case, there
is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably
be predicated. Counsel’s brief provides a detailed account of the procedural history of this
case and contains a recitation of the facts relevant to this appeal. Counsel identifies one
potential appellate issue, but discusses the applicable law and concludes the issue does
not involve an arguably meritorious argument that can be made in good faith. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on
appellant, and that counsel has advised appellant of his right to review the record and file
a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.
ref'd). By letter, this Court also notified appellant of his opportunity to submit a response
to the Anders brief and motion to withdraw filed by his counsel. The Court on its own
motion later extended the due date for appellant’s pro se response to February 28, 2008. 
Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we must remand it to the trial court for appointment of
new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).
          Counsel notes the possibility of error with regard to trial counsel’s performance
during the punishment hearing held in response to the Fifth Circuit’s remand. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). We agree with counsel that
no arguably meritorious issue is raised on this point. Our review convinces us that appellate counsel conducted a thorough and complete
analysis of the record. We have also made an independent examination of the record to
determine whether there are any non-frivolous grounds on which an appeal could arguably
be founded. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d (1988); Stafford, 813
S.W.2d at 511. We agree with counsel it presents no arguably meritorious issue which
would support an appeal. Accordingly, we grant counsel's motion to withdraw


 and affirm
the judgment of the trial court. 
                                                                James T. Campbell

                                                                        Justice

 
 
 
Do not publish.