NO. 07-07-0044-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 30, 2008
_____

ADRIAN TENORIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413201; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Adrian Tenorio filed notice of appeal from the trial court's judgment of conviction for the offense of aggravated robbery,[1] and the accompanying sentence of confinement in the Texas Department of Criminal Justice, Institutional Division. We agree with his appointed counsel's conclusion that the record fails to show any arguably meritorious issue which would support the appeal, and affirm the trial court's judgment.

---

[1] *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

By indictment, the State alleged that on May 21, 2006, appellant robbed a Lubbock convenience store at gunpoint. Appellant entered an open plea of guilty to the charge of aggravated robbery and elected to have a jury assess punishment. At the punishment trial, the jury heard evidence that appellant committed two additional aggravated robberies of convenience stores within about one hour of the offense to which he plead guilty. The evidence showed that during two of the robberies appellant discharged a handgun and at one location pointed the gun at a store customer. Evidence was also presented of appellant's prior acts of domestic assault and violations of probation. The jury assessed punishment at fifty years confinement in the Texas Department of Corrections, Institutional Division. This appeal followed.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California,* 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). After his receipt of a copy of the *Anders* brief and motion to withdraw, appellant filed a letter with this court, in which he sought appointment of replacement counsel. By subsequent letter, we notified appellant of his opportunity to

2

submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant made no further response.

We initially address appellant's request for new appellate counsel. When an *Anders* brief is filed in support of a motion to withdraw, we do not rule on appointed counsel's motion to withdraw until we have independently examined the entire record. *Nicholls v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If we then determine the appeal has merit, we are required to remand the case to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

We turn to the *Anders* brief filed by appellant's counsel and then the record. Following a discussion of the procedural history of the case, the brief addresses pretrial events, voir dire, evidentiary matters, sufficiency of the evidence, and the charge. Counsel has supported his discussion in each category with citations to the record and applicable case law. Counsel identified three evidentiary questions on which he focused the bulk of his discussion. In each instance, he concluded the trial court did not abuse its discretion by overruling objections of appellant. He also noted that appellant interposed several objections which the court sustained. We agree that the potential evidentiary issues discussed by counsel do not support the appeal as no harmful evidentiary rulings are evident. Our examination of the entire record leads us to conclude that appellant's counsel conducted a complete analysis of the record.

In conducting an independent examination of the entire record, we searched for any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v.*

3

*Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford,* 813 S.W.2d at 511.

We agree with counsel that the record presents no arguably meritorious issue which would support an appeal.

Accordingly, we grant counsel's motion to withdraw,[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.