NO. 07-07-0260-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009
_____

DANIEL A. ELDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410775; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Daniel A. Elder appeals from his conviction, on his plea of guilty, of the offense of aggravated sexual assault of a child and his sentence of forty years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues on which to base an appeal. Agreeing with appointed counsel's conclusion the record fails

to show any arguably meritorious issue which could support the appeal, we affirm the trial court's judgment.

In November 2005, appellant was charged by indictment with seven counts of the offense of aggravated sexual assault of a child.[1] In April 2007, appellant entered an open plea of guilty to the court.[2] The trial court admonished appellant, determined his plea was entered knowingly, freely, and voluntarily, and explained the range of punishment applicable to this case.

After the court's acceptance of appellant's plea of guilt, the State presented six witnesses to establish that on more than seven occasions, appellant sexually abused his four-year-old daughter by forcibly making her perform oral sex on him. The defense presented three witnesses to show that appellant committed the sexual abuse of his daughter because he himself was a child victim of sexual abuse.

Following presentation of the evidence, the court ordered a pre-sentence investigation report and in May 2007, found appellant guilty of all seven counts of aggravated sexual assault and assessed sentence. The trial court denied the State's

---

[1] *See* Tex. Penal Code Ann. § 22.021(b) (Vernon 2007). This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

[2] Appellant signed and submitted a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," stating he understood the allegations and confessed to their truth, that he was the individual named as the defendant, that he waived his right to a jury trial, that he was satisfied with his attorney's representation, and that he waived further time in which to prepare for trial. He further acknowledged that he had been advised of the range of punishment in this matter. On the record, the trial court ensured appellant signed this document freely, knowingly, and voluntarily.

motion for consecutive sentences and instead ordered appellant's sentences to run concurrently. The trial court certified appellant's right of appeal, and this appeal followed.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the relevant facts, the procedural history of the case and the applicable law. Counsel notes potential issues but, citing the record and relevant law, presents his reasons for concluding that none are arguably meritorious. Counsel has certified that a copy of the *Anders* brief and counsel's motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). Having done so, we are convinced appellate counsel conducted a complete review of the record. We

3

agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.