

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00199-CR
No. 07-15-00200-CR

DESTANY JENEE LILES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 20,498-C, Honorable Ana Estevez, Presiding

December 29, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Destany Jenee Liles appeals her convictions for aggravated assault with a deadly weapon[1] and the resulting concurrent sentences of four years.[2] Her court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*

---

[1] A person commits an offense if she intentionally or knowingly commits assault and uses or exhibits a deadly weapon. "Assault" is defined in Texas Penal Code § 22.01 to include intentionally or knowingly threatening another with imminent bodily injury. TEX PENAL CODE ANN. § 22.02 (West 2015).

[2] Aggravated assault with a deadly weapon is a second degree felony, punishable by imprisonment for any term of not more than 20 years or less than 2 years. TEX. PENAL CODE ANN. § 12.33 (West 2015).

brief. We will grant counsel's motion to withdraw and affirm the judgments of the trial court.

In March 2009, appellant was charged via indictment with aggravated assault with a deadly weapon. She pled guilty in April 2009, and the trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a period of six years.

In December 2013, the State filed a motion to revoke her community supervision, alleging she violated its terms by committing a new criminal offense, aggravated assault with a deadly weapon, for which she was indicted in October 2013.[3] Appellant was charged with "intentionally or knowingly threaten[ing] Ronald Liles with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault." In April 2015, the trial court held a bench trial for the 2013 aggravated assault offense and also heard the State's motion to revoke. Appellant pled "not guilty" to the new offense and "not true" to the allegations in the motion to revoke.

Ronald Liles was appellant's husband at the time of the assault. He, and the Amarillo police officer who came to their apartment during their argument and fight,

---

[3] The motion to revoke alleged:

> The defendant violated the provisions of Condition No. 1 of the Order Deferring Adjudication and Placing Defendant On Probation which required the defendant to commit no offense against the laws of this State or any State or of the United States; said violation occurring when on or about the 28th day of September, 2013, in Randall County, Texas, DESTANYJENEE LILES AKA DESTANY JENEE REED, did then and there intentionally or knowingly threaten Ronald Liles with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault.

testified. Appellant also testified to the events surrounding their fight. Appellant acknowledged she held a pistol during the events but denied she threatened her husband with it. Her guilt, however, was supported by his testimony and that of the officer. At the bench trial, it was the task of the trial court to hear the testimony and resolve the conflicting versions of the events. Doing so, the court was free to accept all, some or none of the testimony of a particular witness. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

The court found the evidence sufficient to find appellant guilty of the new offense of aggravated assault with a deadly weapon against her then-husband. It found the evidence of appellant's commission of the new offense sufficient to show she thereby violated the terms of her community supervision. Accordingly, the court found appellant guilty of the new offense and found the allegation in the State's motion to revoke her community supervision to be "true." After receiving a significant amount of punishment evidence, the trial court sentenced appellant to a term of imprisonment of four years for each offense, to be served concurrently.

Following her conviction, appellant filed notice of appeal, and was appointed counsel. Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders*, in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the proceedings, the evidence presented and the applicable law. Counsel has

3

certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has provided appellant a copy of the appellate record and informed her of the right to file a *pro se* response. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

By his *Anders* brief, counsel raises three grounds that could possibly support an appeal, but explains why he concludes none show arguably reversible error. He concludes the appeal is frivolous. We have reviewed each ground raised by counsel and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

4

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is issued, send appellant a copy of the opinion and judgment, along with notification of her right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.